## LIMITATION OF ACTIONS TO ENFORCE STOCKHOLDERS' LIABILITY.

Common Pleas Court of Franklin County.

ELLSWORTH C. IRVINE, RECEIVER IN THE CASE OF MARRIOTT AGAINST THE COLUMBUS, SANDUSKY & HOCKING RAILROAD CO. ET AL, v. ISAAC N. McCOY.*

Decided, June 13, 1914.

*Corporations—Stockholders' Liability and Actions to Enforce—Limitation Contained in Section 8688 Not Applicable, When.*

The eighteen months limitation prescribed by Section 8688 for actions to enforce the liability of stockholders has no application to a suit for judgment on an assessment against stockholders levied in an action begun prior to the enactment of said section.

*E. C. Irvine,* for plaintiffs.
*W. B. Cockrell,* for defendant and for plaintiff in error.
*Wilson & Rector,* for defendants in error.

EVANS, J.

This case is submitted on demurrer of the plaintiff to the answer of defendant.

---

*Affirmed by the Court of Appeals in the subjoined memorandum:

ALLREAD, J.; FERNEDING, J., and KUNKLE, J., concur.

This action was brought by Irvine as receiver to recover a personal judgment against McCoy upon a stockholders' assessment made in the original creditor's action.

The defendant answered by claiming the benefit of the eighteen months statute of limitations enacted after the cause of action arose and the original stockholders' assessment was made.

In the original action McCoy was brought in by publication. There was no personal service against him in that action. The plaintiff in error relies upon the authority of *Shipman* v. *Treadwell,* 208 N. Y., 404.

The defendant in error cites the case of *Irvine, Receiver,* v. *Blackburn,* 199 Fed., 360, affirmed 205 Fed., 217.

We adopt and follow the reasoning and authority of the Blackburn case as in harmony with the decisions in this state. It follows, therefore, that the judgment of the court of common pleas should be affirmed.

The action seeks to recover against defendant a judgment for $143.75, interest and costs.

The action is predicated upon a judgment and decree heretofore had in this court in the consolidated cases of Marriott against the Columbus, Sandusky & Hocking Railroad Company, and the A. E. Kinsey Company against said railroad company, said consolidated actions being by creditors of said railroad company, which said company had theretofore been declared insolvent by the court, against the stockholders of said railroad company to recover against each stockholder thereof his ratable proportion of any deficit remaining after the application and exhaustion of the assets of said insolvent railroad company, to the debts of said company, in proportion of the amount of stock held by each of said persons.

The defendant in this action, said Isaac N. McCoy, was made a party defendant in said consolidated actions, and was duly served by publication, in accordance with the statutes of Ohio in such cases made and provided.

The court in said consolidated cases found that said Isaac N. McCoy was the owner of five and seventy-five hundredths shares of the capital stock of said railroad company, and the court adjudged and decreed that there is due from said Isaac N. McCoy, as such stockholder in said railroad company, to the creditors of said railroad company, the sum of $143.75.

The plaintiff herein, Ellsworth C. Irvine, was, by the court, appointed receiver in said cause, under the statutes of Ohio, to collect from the several defendant stockholders in said action, including defendant herein, the several sums of money found due from said stockholders in said action, and said several defendants in said action were ordered to pay to said receiver, on or before August 20, 1905, said amounts so found due. The amount assessed against said defendant, McCoy, being for the sum of $143.75, and in default of payment to said receiver, said receiver was authorized, empowered and directed to sue in his own name, as receiver, in any competent jurisdiction to recover the amount so found due as aforesaid.

This action by said Irvine, as such receiver, was begun and filed against said McCoy in this court on January 26, 1914, and

said defendant, McCoy, was served personally with summons, and has filed his answer herein to the petition, to which answer the plaintiff demurs.

Defendant, by his answer, admits the allegations of the petition to be true, but says that the alleged claim and cause of action set up in the petition should not be maintained, for the reason that the same is barred, and can not be enforced, because of the provisions of the Revised Statutes of Ohio, Section 3258a, now Section 8688 of the General Code of Ohio.

Said Section 8688, General Code, provides that—

"An action upon the liability of stockholders under the two next preceding sections can only be brought within eighteen months after the debt or obligation shall become enforcible against stockholders."

The question here presented by the demurrer is whether said Section 8688, General Code, has application to an action by a receiver to recover the amounts found due and assessed by a court in an action against stockholders by creditors to enforce stockholders liability.

Section 8688, General Code, was first enacted by the legislative act of April 29, 1902 (95 Ohio Laws, p. 312).

The consolidated actions against said Columbus, Sandusky & Hocking Railroad Company, were begun and filed, the one by said Marriott, on January 14, 1899, to subject all stockholders to pay ratably for the payment of the debts of said insolvent company, in proportion to the amount of stock held by each of such stockholders. The other by said Kinsey Company, seeking the same relief, was begun and filed December 22, 1899. Subsequently said two actions were consolidated, as aforesaid.

The several stockholders of said railroad company were made parties defendant in said actions, and all such defendants residing in Ohio were personally served with summons, and all other defendants, including defendant herein, were duly served by publication, according to the statute of Ohio.

At the time of the commencement of said actions and the proceedings aforesaid, and at the time of the enactment of Section 8688, General Code, Section 79 of the Revised Statutes of Ohio

(now Section 26, General Code), was in full force and effect, which section provides:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of action, prosecutions, or proceedings, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The said act of April 29, 1902 (now Section 8688, General Code), was an act to amend and supplement Section 3258, Revised Statutes of Ohio.

It is held by the Supreme Court of this state in *State* v. *Trustees of Washington Township, ctc.*, 24 Ohio State Reps., 603, that:

"By virtue of the act of Feb. 19, 1866 (S. & S., 1) a right of action given by a statute, and existing at the time of the amendment or repeal of the statute, is not affected by the amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

The amending act of April 29, 1902 (now Section 8688, General Code), makes no provision that said amended act shall operate to affect pending actions or pending proceedings, said actions of Marriott, and of Kinsey & Co., aforesaid, having been begun and filed, and said causes of action having arisen prior to the provisions of Section 8688, General Code, having been enacted. The provisions of said Section 8688, General Code, have no application to said pending actions.

It will also be observed that said Section 8688, General Code, provides "an action upon the liability of stockholders," etc. The actions of Marriott and Kinsey & Co. were actions upon the liabilities of stockholders. They were actions brought by creditors to bring in all the stockholders, and to subject them on their statutory liability as stockholders for the payment of debts of said insolvent railroad company in which they held stock.

The present action against McCoy is not an action to determine the liability of stockholders, but it is an action by the receivers appointed by the court to recover judgment against McCoy, and to require him to pay the assessment heretofore rendered against him in the actions by said creditors to determine the liabilities of the stockholders.

Hence it is apparent that the eighteen months limitation provided in Section 8688, General Code, has application only to service of summons upon defendant stockholders in action by the creditors to determine and fix the amount of liabilities by the stockholders, such as was had in the actions by Marriott, and by Kinsey & Co., which were consolidated.

In these actions McCoy was a party, upon whom was had constructive service under the statute, and the court found that he was a stockholder in said company and assessed the amount aforesaid due from him on his said stock liability.

In my opinion Section 8688, General Code, having been a legislative enactment passed after the cause of actions arose, and were begun and filed, in Marriott and in Kinsey & Co. against the said railroad company, and said stockholders, said section of the statutes, and the limitations therein provided had no application to said pending actions.

The same question here presented has heretofore been made in this court, and decided in *Marriott* v. *C., S. & H. R. R. Co.*, 16 Ohio Decisions, 135, that said eighteen months limitation has no application to said pending actions.

The decision there is here adhered to that said Section 8688, General Code, has no application to a suit by the receiver to collect the assessments in said case found by the court to be due and payable by said stockholders.

The demurrer by plaintiff to the answer is sustained.